UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENNETH R. PITTS**  **PLAINTIFF**
**ADC #85938**

v.　　　　　　　　　No. 4:21-cv-00203-LPR-JTR

**GREG SHILLING, Lieutenant,**
**Cummins Unit,** *et al.*　　　　　　　　**DEFENDANTS**

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.　Discussion

Plaintiff Kenneth R. Pitts ("Pitts"), is a prisoner in the Cummins Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights and an application to proceed *in forma pauperis*.

1

As a "three-striker,"[1] Pitts can proceed *in forma pauperis* only if he currently is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998). Pitts's Complaint, liberally construed, alleges that: (1) on or about February 6, 2021, he was injured from second-hand exposure to "maces," after Lieutenant Shilling used chemical spray on a "mental health prisoner" who was "throwing urine wastes;"[2] (2) unnamed guards increased the length of his second-hand exposure to mace by taking 35 to 55 minutes to locate and use "a big fan" to help "draw out" the smell; (3) Lieutenant Shilling and Major Robinson denied him the medical treatment he needed for his second-hand exposure to the chemical spray; (4) a nurse was not sent to check on him after his second-hand exposure to the chemical spray, in violation of prison policy; (5) Grievance Officer April Gibson and others refused to respond to grievances that Pitts filed about the incident; (6) his First Amendment rights were violated by regulations limiting visitation; (7) he was later transferred in retaliation for filing administrative grievances against prison staff; (8) he was moved to a restricted housing unit, where

---

[1] *See, e.g., Pitts v. Moore,* No. 4:06-cv-01305-JLH (E.D. Ark. Sept. 22, 2006) (dismissing for failure to state a claim); *Pitts v. Johnson,* No. 5:99-cv-00071-JMM (E.D. Ark. May 11, 1999) (same); *Pitts v. Brownlee,* No. 5:99-cv-00178-HW (E.D. Ark. Sept. 7, 1999) (same).

[2] Throughout his Complaint, Pitts makes allegations about how other inmates were treated and suggests their constitutional rights were also violated. *See Doc. 2 at p. 14.* The Court is not allowed to consider those allegations and must only evaluate Pitts's alleged constitutional claims. *Martin v. Sargent,* 780 F.3d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners.").

two prisoners were placed in each cell, in violation of an ADC policy requiring that those in restricted housing be confined to one-man cells; and (9) the Cummins unit is "short" of security officers "each shift." *Doc. 2 at 8-16*.

In an Order dated March 23, 2021, I denied Pitts's Motion to Proceed *In Forma Pauperis* (*Doc. 1*). *Doc. 3*. In explaining my reason for doing so, I made it clear that Pitts's description of a one-time incident on February 6, 2021, in which he suffered pain and discomfort from second-hand exposure to chemical spray, did not satisfy the imminent-danger exception to the three-strikes rule.[3] *Id*. Finally, the Order gave Pitts until April 23, 2021 to pay the $402 filing fee, in full, and advised him that, if he wished to proceed with this action, he must pay the filing fee within that time, or his case would be recommended for dismissal, without prejudice. *Id*. Pitts has not paid the filing fee, and the time for doing so has now expired.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Kenneth Pitts's case be DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any *in*

---

[3] *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (ruling that prisoner must offer "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" to satisfy the exception).

*forma pauperis* appeal should not be deemed to be taken in good faith.

Dated this 4th day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE